UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMOS JUNIOR HOYT,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　CASE NO. 6:08-cv-1826-Orl-31GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

    Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply (Doc. No. 12) and an amended reply (Doc. No. 16) to the response.

    In the present case, Petitioner is challenging a judgment of conviction entered by the Ninth Judicial Circuit Court in Orange County, Florida, on January 15, 1988 (case number 1986-CF-7401) wherein he was sentenced to imprisonment for a term of twelve years. Respondents argued that Petitioner was released from custody on those charges in 2001;

that his current incarceration was based on a more recent conviction in a different case; and that Petitioner was not "in custody" as a result of the conviction or sentence under attack in this case.

Petitioner countered that, when he received the twelve-year sentence in 1988, he had been serving parole for a 1974 conviction and that, in 2006, he received a three-year sentence "pursuant to violation of his parole he received from a 1974 conviction where the Florida Parole Commission relied upon an invalid [1988] conviction for an enhancement of parole." Therefore, he contended he was "in custody" because his current sentence was enhanced by the invalid, albeit expired, 1988 conviction.

The Court then entered an Order on June 12, 2009 (Doc. No. 17) requiring Respondents to either 1) file a memorandum of law addressing Petitioner's contention that he was "in custody" because his current sentence was enhanced by the 1988 conviction, or 2) file a Response to Petition addressing the merits of Petitioner's claim. Respondents then filed a Supplemental Response to Petition (Doc. No. 18) addressing Petitioner's claim, and Petitioner filed a reply (Doc. No. 21) thereto.

Petitioner alleges one claim for relief in his habeas petition: that the trial court erred by failing to address the merits of his motion for postconviction relief.

I. *Procedural History*

In case number 1986-CF-7401, Petitioner was convicted of robbery and sentenced to imprisonment for a term of twelve years, and he was released from custody in 2001. The state appellate court affirmed *per curiam* on February 7, 1989, and mandate was issued on

February 24, 1989. Petitioner filed several postconviction motions and appeals with regard to this conviction from 1989 through 1993.

On September 17, 2007, in case number 2006-CF-16388, Petitioner was sentenced to one year in county jail as a result of a conviction for one count of false and fraudulent insurance claims and one count of false report to law enforcement authorities. The state appellate court affirmed the convictions on September 23, 2008.

On July 10, 2008, in case number 2006-CF-68920, Petitioner pled guilty to, and was adjudicated guilty of, one count of burglary of a conveyance and one count of grand theft and was sentenced to imprisonment for a term of three years. It is not apparent from the record whether Petitioner appealed the convictions.

On May 9, 2008, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied on May 23, 2008, because it was untimely and procedurally barred. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on September 23, 2008.

## II.     *Petitioner's Habeas Petition is Untimely*

### A.     *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)     the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B. *Discussion of Petitioner's Case*

Section 2244(d)(1) went into effect on April 24, 1996. Thus, a prisoner, like Petitioner, whose conviction became final prior to April 24, 1996, had until April 23, 1997, absent any tolling, to file a federal habeas petition regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions become final before the enactment of the AEDPA must be provided a reasonable time to file their section 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's federal habeas petition was filed on October 22, 2008, under the mailbox rule.[1]

---

[1]Under the "mailbox rule," the petition is deemed filed on the date when it was submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

4

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. However, there was no tolling in this case since Petitioner's motion for postconviction relief was not filed until long after the one-year period had expired. Hence, since the one-year period concluded before Petitioner initiated his Rule 3.850 motion, the tolling provision of section 2244(d)(2) does not apply. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner acknowledges that his Rule 3.850 motion was untimely, but he asserts that the untimeliness of that motion and the instant petition should be excused since his Rule 3.850 motion raised "jurisdictional issue [that] can be raised at any time." (Petitioner's Reply filed on August 17, 2009, at 3.) However, his assertion is unsupported, conclusory, and is without merit. Petitioner makes no attempt to demonstrate that his jurisdictional issue had any effect, let alone caused a delay, in preventing the timely filing of his Rule 3.850 motion or his habeas petition. Therefore, Petitioner's habeas petition was untimely and must be denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Amos Junior Hoyt is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly, and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 10th day of February, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 2/10
Counsel of Record
Amos Junior Hoyt

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.